UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LONA LEE COLHOFF,<br><br>               Movant,<br><br>     vs.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | 5:16-CV-05081-KES<br><br><br>ORDER |

This matter is before the court on movant Lona Lee Colhoff's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.  In her motion, Ms. Colhoff makes a claim for relief based upon the allegedly ineffective assistance of counsel she received from her former defense counsel, Paul Winter.  See Docket 1 and 5.  The United States of America (government) has requested an order directing former defense counsel to file an affidavit responding to Ms. Colhoff's claims of ineffective assistance as set forth in her motion.  See Docket No. 6.

The Eighth Circuit Court of Appeals has recognized that the attorney-client privilege may be impliedly waived when a client attacks his attorney's competence and raises the issue of ineffectiveness or incompetence of counsel. See Tasby v. United States, 504 F.2d 332 (8th Cir. 1974). ABA Model Rule of Professional Conduct 1.6 also recognizes that a disclosure may be impliedly authorized under certain circumstances including when a lawyer must respond

to allegations in any proceeding concerning the lawyer's representation of his or her client.

The American Bar Association, however,  has issued an opinion advising that former counsel confronted with a client making ineffective assistance of counsel claims, consistent with their ethical obligations (1) may not disclose information imparted to him or her in confidence without first obtaining the informed consent of the  former client; and (2) may only disclose such information in "court-supervised testimony." ABA Comm. on Eth. and Prof'l Responsibility, Formal Op. 10-456 (July 14, 2010).

In consideration of the allegations set forth in Ms. Colhoff's motion under 28 U.S.C. § 2255, this court has determined that the government cannot respond to the allegations of ineffective assistance of counsel without attorney Paul Winter responding by affidavit to the specific allegations in the motion concerning his representation of Ms. Colhoff.  If Ms. Colhoff opposes the waiver of the attorney-client privilege as it relates to the specific allegations in her motion under 28 U.S.C. § 2255, those allegations will be stricken from Ms. Colhoff's motion under 28 U.S.C. § 2255. Accordingly,

IT IS HEREBY ORDERED:

1.   The government's motion (Docket No. 6) directing former defense counsel to respond is granted as follows:

   A.   That the clerk shall send this order and the attached attorney-client privilege waiver form to Ms. Colhoff;

B.     That if the attorney-client privilege waiver form is not signed and returned to the clerk for filing within 21 days, the allegations of ineffective assistance of counsel will be stricken from Ms. Colhoff's motion under 28 U.S.C. § 2255;

C.     That if the attorney-client privilege waiver form is signed and filed, the government shall forward a copy of the signed attorney-client privilege waiver form to Paul Winter, along with a copy of this order and Ms. Colhoff's motion and supplement pursuant to § 2255 (Docket Nos. 1 & 5). Attorney Paul Winter shall within 21 days of receiving the attorney-client privilege waiver form provide and file with the clerk an affidavit responding to the specific allegations in the § 2255 motion concerning his representation of Ms. Colhoff.

D.     The government shall promptly thereafter serve a copy of Mr. Winter's affidavit upon Ms. Colhoff.

2.     The government's motion for extension of time (Docket No. 6) is granted; the government shall file its response to Ms. Colhoff's motion no later than 30 days after Mr. Winter's affidavit has been received.

DATED this 4th day of October, 2016.

BY THE COURT:

_Veronica L. Duffy_

VERONICA L. DUFFY
United States Magistrate Judge

3